ERNEST HARTMAN, Respondent, v. THE LOUISVILLE AND NASHVILLE RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, March 22, 1892.

1. **Instruction:** TREATING ADVERSE EVIDENCE AS SUFFICIENT. A party will be debarred from contesting the propriety of the submission of an issue to the jury, when there is some slight evidence in support of the issue, and an instruction given to the jury at his own instance concedes the sufficiency thereof.

2. **Cumulative Evidence : PREJUDICIAL ERROR.** The exclusion of evidence of a fact admitted by the adverse party is not prejudicial error.

3. **Informal Verdict : REMITTITUR.** A jury in their verdict stated the items of damages which they found for the plaintiff, and the finding on one of those items was improper. *Held*, that the error did not vitiate the entire verdict, but that a *remittitur* should be permitted in this court for the amount of the objectionable item.

4. ———: **CORRECTION.** *Held, arguendo*, that when an informal verdict is returned by a jury it is the duty of a trial court either to correct the verdict in open court in the presence and with the consent of the jury, or else to have the jury retire to their room and make the correction.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED (*nisi*).

*Gibson, Bond & Gibson*, for appellant.

*John B. Roeder*, for respondent.

ROMBAUER, P. J.—This cause was here on a former appeal. 39 Mo. App. 88. The controversy then was whether the validity of certain limitations of a common carrier's liability, contained in a supposed written contract which was claimed to have been entered into in another state touching the transportation of goods by the carrier from a point in that state to a point in this state, was to be governed by the laws of such foreign state, or our own laws. A majority of the court held that it was to be governed by the laws of the foreign state. We also held on that appeal that an instruction asked by the plaintiff on the former appeal touching the burden of proof was erroneously refused. The judgment, which was in favor of the defendant, was, therefore, reversed for error in those two particulars.

Touching the question, whether the contract between the parties was or was not a contract of through carriage, there seems to have been no controversy on the former trial.

Upon a retrial of the cause the plaintiff's petition was the same, but the answer was materially different. The petition states that the defendant, a common carrier, had contracted with the plaintiff to transport his merchandise for him from Mascoutah, in the state of Illinois, to St. Louis, in the state of Missouri, and so negligently conducted himself in that behalf that the merchandise was destroyed while in transit, and wholly lost to the plaintiff to his damage in the sum of $400.

The defendant filed an amended answer, which is as follows:

*First*, a general denial, and then "that it [defendant] is a common carrier of goods between certain stations in the state of Illinois; that the western terminus of defendant's line of railway ends in the city of East St. Louis, Illinois; that, on or about the twentieth day of January, 1886, defendant received at Mascoutah, Illinois, a certain lot of merchandise belonging to plaintiff to be transported to East St. Louis, Illinois, and there to be delivered to a connecting carrier, known as the St. Louis Transfer Company, in pursuance of plaintiff's instructions to that effect.

"Defendant states that it safely transported said goods from said point of shipment to the end of said line in East St. Louis, Illinois, and there delivered the same in defendant's warehouse to the said St. Louis Transfer Company; that about two days after such storing of plaintiff's goods in defendant's warehouse, and after such delivery of them by defendant to said St. Louis Transfer Company, the warehouse and its contents, and other property belonging to the defendant, were destroyed by an accidental fire, happening without any fault or negligence on the part of the defendant, and in which the aforesaid goods belonging to plaintiff, not having at that time been removed by said St. Louis Transfer Company, were also destroyed. Wherefore defendant, being advised that it is not liable in this action, pleads all of said facts in bar of any

recovery by plaintiff, and prays to go hence without day."

The plaintiff denied the new matter in the answer by reply, and upon the issue thus framed the parties went to trial before a jury, the trial resulting in a verdict and judgment for plaintiff for $387.10.

The defendant, appealing, assigns the following errors: *First.* That there is no substantial evidence in the cause showing a contract of through transportation, and that, as the merchandise had arrived at the terminus of the defendant's road, and had been delivered there to a connecting carrier, and was destroyed without any negligence on part of defendant supervening, it was not liable. *Second.* That the court excluded legal evidence offered by the defendant. *Third.* That the verdict is informal, and, under the instructions of the court touching the measure of damages, is erroneous to the amount of $43.10, as a matter of law.

The bill of lading under which the goods were shipped was not offered in evidence by either party. The fact, whether there was any substantial evidence tending to show that the contract was one of through shipment, has to be gathered from the entire record, and we freely concede the claim advanced by the defendant that, if there is no evidence in the record tending to show that fact, the judgment must again be reversed, because we must decide the case upon the record before us, and not upon its former record. We have carefully examined the record for the purpose of determining that fact with the following result:

The merchandise in question was shipped by one Heffner, the plaintiff's purchasing agent, who had died between the date of the last trial and of the trial next preceding. His evidence, taken down by a stenographer at the preceding trial, was read at the last trial from the stenographer's notes and contained, among others, the following questions and answers: "*Q.* When did

you deliver these goods to the road? *A.* The same day I bought them.

"*Q.* And to what point did you ship them? *A.* I shipped them to *St. Louis.*

"*Q.* Are you the agent whose name is mentioned in the bill of lading? *A.* Yes, sir.

"*Q.* You got this bill of lading at the time you shipped the goods? *A.* Yes, sir."

The defendant put in evidence the contents of the following order, claimed to have been signed by the plaintiff and purporting to be a direction to it touching this merchandise: "Deliver to St. Louis Transfer Company all less than carload shipments consigned to us *destined to St. Louis.*"

The defendant's freight agent at the time at East St. Louis testified as a witness for defendant that he made out a manifest, stating this freight at thirty-four bundles of green hides, and eight barrels of tallow *consigned to E. Hartman & Co., St. Louis, Missouri.*

The court gave to the jury, among others, the following instruction upon *defendant's request:* "The jury are instructed that, although the defendant issued a bill of lading, whereby it contracted to deliver the merchandise in question at St. Louis, Missouri, yet, if the jury believe that plaintiff gave a written direction to defendant's freight agent to deliver shipments less than carloads to the St. Louis Transfer Company at East St. Louis, and that the shipment in question was of less than a carload; that in obedience to said direction the defendant stored the same in its warehouse, and at once notified the transfer company of the arrival of said goods; that, while so stored, the same was destroyed by an accidental fire, happening without the fault or negligence of defendant, then a verdict will be returned for defendant."

Taking the evidence and this instruction together, we must resolve the first assignment of error against the defendant. There was, as above seen, some slight

evidence both in plaintiff's and the defendant's testimony tending to show that this was a through contract, and, hence, we hold that the defendant should not be heard to complain that there was no substantial evidence of that fact, when its own instruction to the jury conceded that there was. The bulk of the evidence introduced by the defendant was on the theory, that the original contract had been modified by subsequent direction, so as to constitute the St. Louis Transfer Company the plaintiff's agent for that part of the route lying between East St. Louis and St. Louis.

The proper way for the plaintiff to proceed would have been to give the bill of lading in evidence, and then show that, owing to the laws of the state of Illinois, he was not bound by its restricting clauses, not having assented thereto. The case, as appears by the record, has now been tried four times, and, should we reverse it owing to this technical defect, it might, owing to the inadvertence of plaintiff's counsel, be tried forever.

Neither is there any substantial merit in the defendant's second assignment. The same fact, which the defendant sought to establish by the testimony of one of his witnesses, was admitted to be a fact by the plaintiff himself. It had been established against the plaintiff by his own admission; hence, there was no necessity of proving it · *aliunde*. We cannot see how ruling out cumulative evidence under such circumstances can constitute prejudicial error.

The court gave the following instruction on the measure of damages: "The jury are instructed that, if they find for the plaintiff, they will assess his damages at whatever sum they may believe from the evidence was the market value of the goods described in the petition at the time they should have been delivered to the plaintiff in the city of St. Louis, less the amount of freight charges for transporting them to said city from the point of shipment, to which net sum they may add as damages six per cent. per annum on the same from

Hartman v. The Louisville & N. Ry. Co.

the time of the commencement of this action, viz.: January 20, 1888, to the present time."

The jury returned a verdict in the following form :

We, the jury, find for the plaintiff in the case of Ernest Hartman *v.* Louisville & Nashville R. R. Co. the sum of.........$294 00

Damages...................... ...... ........................... 43 10

$337 10

Less freight................................................... 15 00

$322 10

With interest at six per cent. from January 20, 1888, to June 2, 1891................... . . ... ...............................$ 65 00

$387 10

There was evidence in the record tending to show that the market value of the merchandise in Mascoutah at the date of shipment was $294. The plaintiff testified *that, as far as he recollected*, at that time such goods were worth about between ten per cent. and fifteen per cent. more in St. Louis than in Mascoutah. The item of $43.10 given in the detailed verdict by the jury as damages was probably intended to represent the difference in the market value of the goods between Mascoutah and St. Louis, but that fact rests on mere conjecture. The plaintiff's measure of damages was the market value of the goods in St. Louis at the date when they should have arrived there. The reason of the verdict being brought in in that shape was probably due to the fact that, owing to the ungrammatical construction of the instruction on the measure of damages, the jury were in doubt whether the market value in St. Louis or Mascoutah furnished the measure of damages. The verdict was challenged for informality by motion in arrest.

It is the duty of the court, when informal verdicts are returned by the jury, either to have them retire to the jury room and correct the informality, or else to correct the verdict in open court in the presence and with the consent of the jury. *Bosse v. Thomas*, 3 Mo.

App. 472; *State v. Chumley*, 67 Mo. 41; *Cattell v. Publishing Co.*, 88 Mo. 356. In the last case, which was an action of libel, the jury returned a verdict: "We find no cause of action." This court upheld the verdict on appeal as being in substance a verdict for the defendant (15 Mo. App. 587 ), but the supreme court reversed the judgment and remanded the cause.

Since it is a notorious fact that in a large market like St. Louis daily records are kept of every article of staple merchandise, it is not apparent why the value of such merchandise on any given day cannot be accurately established. It is to say the least very doubtful whether the aggregate of the jury's verdict is supported by any evidence. Under these circumstances the defendant's contention, that the item of $43.10 should be rejected, is well taken. This, however, need not affect the residue of the verdict.

If the plaintiff will, within ten days, enter a *remittitur* in this court of $43.10, the judgment will be affirmed; otherwise it will be reversed and the cause remanded. So ordered. All the judges concur.