GEORGE J. SEITER, Respondent, v. WILLIAM BISCHOFF, Appellant.

### St. Louis Court of Appeals, October 29, 1895.

1. **Negligence:** PLEADING. The statement of the cause of action for damages resulting from the runaway of a horse may allege different forms of negligence on the part of the defendant as the cause of the runaway, so long as there is no inconsistency between these allegations; nor is the defendant entitled to have the plaintiff elect between consistent specifications of this character; and inconsistency in this connection means such repugnance, that the proof of one of the specifications necessarily disproves the other.

2. ———: RUNAWAY OF HORSE: RES IPSA LOQUITUR. Negligence in the failure to properly fasten or hitch a horse on a public street may be inferred from the runaway of the horse, when the runaway would not ordinarily occur in the absence of such negligence; and this inference may be made, though there is express testimony that the horse had been hitched.

3. **Instructions:** SUFFICIENCY OF EVIDENCE: SUBMISSION OF ISSUE BY PARTY COMPLAINING. When there is slight evidence tending to establish an issue, a party who himself submits the issue to the jury by instruction is not entitled to complain on appeal of the insufficiency of the evidence to support an adverse verdict.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*F. C. Sharp* and *Broadhead & Hezel* for appellant.

*Houghton & Brownrigg* for respondent.

BOND, J.—Plaintiff sued before a justice for damages on account of injuries received by his horse through the alleged negligence of defendant in permit-

ting the escape and runaway of a horse and wagon belonging to the latter, whereby a collision with plaintiff's horse took place. After trial before the justice and judgment had by defendant, plaintiff appealed to the circuit court, wherein he filed an amended statement specifying in five different ways the negligence complained of. When the trial was begun in the circuit court, defendant moved the court to compel plaintiff to elect upon which of his several allegations of negligence he would proceed to trial, on the ground that such allegations were inconsistent. The court overruled the motion, to which defendant excepted; and thereupon the respective parties went to trial and introduced evidence, after which the court instructed the jury, who returned a verdict for plaintiff from which defendant appeals to this court.

The first error assigned relates to the action of the court in overruling defendant's motion to compel an election by plaintiff. This error is not well assigned. Inconsistency means such repugnancy that the proof of one of the grounds alleged for a recovery necessarily disproves another ground for recovery contained in the same pleading. *Brinkman v. Hunter*, 73 Mo. 172; *Roberts v. Railroad*, 43 Mo. App. 287. The present action having been begun before a justice, it was competent for the plaintiff to unite in one pleading any number of causes of action, provided a cause of action *ex contractu* was not joined with one arising *ex delicto* (Revised Statutes, 1889, section 6137), and when, as in the present case, only one recovery was sought or could be had, it was proper for the plaintiff to state his cause of action in such diverse ways as to meet the evidence, provided no inconsistency as above defined existed between the different statements. The several allegations contained in the amended petition are in substance:

*First.* That defendant's horse was frightened and ran away, because the wagon and harness were out of order.

*Second.* That the collision occurred on account of the usage of the horse.

*Third.* That it was caused by neglecting to properly watch and hold the horse.

*Fourth.* That it was caused by permitting the horse to escape from control.

*Fifth.* That the horse was left standing unguarded and driven at an improper speed, and in violation of certain municipal ordinances, and that these facts aided in causing the runaway.

There is no necessary contradiction in fact in the foregoing allegations; hence they are not inconsistent. *Nelson v. Brodhack*, 44 Mo. 596.

The only remaining assignment of error relates to the alleged insufficiency of the evidence to sustain the verdict. The evidence for the plaintiff was, in substance, that he was on the east side of Jefferson avenue bridge about 10 A. M., engaged in trimming an electric light; that his horse and cart were on the bridge, facing north; that a runaway horse and cart came rapidly down the west side of the bridge, and, when within ten yards of plaintiff's horse, suddenly veered across and struck the latter horse near the shoulder with the point of the shaft of the wagon which the runaway horse was drawing; and that plaintiff's horse died in consequence of this injury. There was evidence tending to show that the runaway horse belonged to defendant, and was driven by a man named Peters. The latter testified for defendant that the horse was tied by a strap attached to a twenty-four pound weight, and left by him in front of a shop on Randolph street; that he did not see the horse start, and did not know what caused the runaway; and that, after the horse began to run, the driver

ran after him, caught up with the wagon and got on the shaft, which broke and threw him off, whereupon the runaway horse collided with plaintiff's horse.

The rule governing a case very similar in its facts to the present one was announced by this court in *Hill v. Scott*, 38 Mo. App. 370. In that case it was held that, when it was shown that a runaway horse escaped from the custody of the owner, or his servants, and that such escape would not ordinarily happen if the horse was carefully hitched, a jury might well infer, from proof of these facts, negligence on the part of the owner or his servants, and that they were not bound to discard this presumption upon evidence by the owner or his servants that the horse had been properly hitched, but that they were at liberty to disbelieve the testimony as to the hitching. According to this rule, defendant can not complain that the verdict in the present case lacks support in the evidence, and especially is defendant precluded on the present appeal when it is borne in mind that he submitted the issue, as to whether the horse was hitched, in an instruction given by the court at his request. For the law is that, when there is slight evidence tending to prove an issue, the submission of such issue by instruction debars the party so doing from complaining on appeal of the quantum of evidence to support an adverse finding by the jury. *Hartman v. Railroad*, 48 Mo. App. 619. The result is that this judgment must be affirmed. All concur.