WILLIAM W. BEARD, Respondent, v. AMERICAN CAR COMPANY, Appellant.

St. Louis Court of Appeals, November 12, 1895.

1. **Master and servant**: NEGLIGENCE: SUFFICIENCY OF EVIDENCE. A plank was used in the unloading of a cask from a wagon. One end of it rested on the wagon bed; the other was supported by a servant. The cask in being rolled struck against the former end, shoved the plank from the wagon to the ground and fell against and broke the plank. By the force thus communicated, the wrist of the servant was broken. The use of planks for this purpose was unusual; the servant was not at all acquainted therewith, and did not possess the requisite strength, he being engaged in a different line of work; and he acted throughout under the express direction of a vice-principal. *Held*, that these facts warranted an inference of negligence on the part of the master.

2. ———: CONTRIBUTORY NEGLIGENCE. *Held, arguendo*, that a servant can not as a matter of law be said to have been guilty of negligence in undertaking a task in obedience to the directions of his master, unless the danger was so great that no man, even in the situation of a servant, would have attempted to perform the task under the circumstances. And *held*, that contributory negligence was not conclusively established by the facts of the case.

3. ———: ———: INSTRUCTIONS. In this cause the court instructed the jury that, although a servant who sued for injuries alleged to have been caused by a defective appliance knew, or by the exercise of ordinary care might have ascertained, that the appliance was defective, still this would not debar a recovery by him if the appliance was not so dangerous as to threaten immediate injury in its use, or if he might have reasonably supposed that he could safely work with it by the use of care and caution incident to the situation in which he was placed. *Held*, that the instruction was not erroneous.

4. **Practice, Appellate**: PRESUMPTION THAT ERROR IS PREJUDICIAL. All errors of law intervening at a trial are presumed to have been prejudicial.

5. ———: SUFFICIENCY OF OBJECTION TO EVIDENCE IN TRIAL COURT. When evidence which is not proper for any purpose whatever is received at the trial, a general objection to it on the ground of incompetency is sufficient to warrant the review of the error on appeal.

*Appeal from the St. Louis City Circuit Court.*—HON. P. R. FLITCRAFT, Judge.

REVERSED AND REMANDED.

*A.* and *J. F. Lee* for appellant.

·(1) The undisputed facts show that under the pleadings and evidence plaintiff was not entitled to recover, and that the instruction to that effect offered by defendant should have been given. *Flynn v. Union Bridge Co.*, 42 Mo. App. 530; Thompson on Negligence, p. 1053; Wood on Master and Servant, section 368; *Sparks v. Railroad,* 31 Mo. App. 111; *Fletcher v. Railroad,* 64 Mo. 484; *Bell v. Railroad,* 72 Mo. 50; *Lenix v. Railroad,* 76 Mo. 86; *Boland v. Railroad,* 36 Mo. 484; *Flynn v. Railroad* 78 Mo. 195; *Conroy v. Vulcan Iron Works,* 62 Mo. 65; *Aldridge v. Midland B. Furnace Co.,* 78 Mo. 559; *Fugler v. Bothe,* 117 Mo. 475; *Stanley v. Railroad,* 114 Mo. 606; *Cummings v. Collins,* 61 Mo. 520; *McDermott v. Railroad,* 87 Mo. 285; *Kelley v. Railroad,* 75 Mo. 138; *Steinhauser v. Spraul,* 28 S. W. Rep. 620. (2) The court erred in instructing the jury at plaintiff's request that if plaintiff knew, or, by the exercise of ordinary care, might have known, that the plank was not a reasonably safe one, yet this would not defeat a recovery on his part if the use of the plank by him was not so dangerous as to threaten immediate injury; and in the further instruction as an intimated consequence of the alleged "primary duty" of a servant to obey his master, that, even if the plaintiff "ought" to have known that the appliance was not as suitable and safe as it ought to

have been, his use of it would not be contributory negligence on his part, unless the dangerous character of the appliance was so "glaring" that a man of ordinary prudence would not have used it. *James v. Railroad*, 18 S. W. Rep. 31; *Fugler v. Bothe*, 117 Mo. 475; *Flynn v. Railroad*, 78 Mo. 195; *Aldridge v. M. B. F. Co.*, 78 Mo. 559; 2 Thompson on Negligence, sec. 1010; *Nagel v. Railroad*, 75 Mo. 653. (3) The court erred in admitting in evidence a letter from Wehrenbrecht in reference to the character of Louis Beard. *Price v. Thornton*, 10 Mo. *l. c.* 140; *Barker v. Railroad*, 40 Cent. L. J. 166; *Senn v. Railroad*, 108 Mo. 142; *Estes v. Hamilton-Brown Shoe Co.*, 54 Mo. App. 543; *Fulkerson v. Murdock*, 53 Mo. App. 151; *Aldridge v. Furnace Co.*, 78 Mo. 559; *City of Chillicothe v. Raynard*, 80 Mo. 185; *McDermott v. Railroad*, 73 Mo. 516; *Dudley v. McLuer*, 65 Mo. 241.

*Seneca N. Taylor* and *Charles Erd* for respondent.

(1) It is the duty of the master to use reasonable care and precaution in providing safe and suitable appliances with which the employee is required to work; failure on his part in this respect constitutes negligence. *Siela v. Railroad*, 82 Mo. 430; *Covey v. Railroad*, 86 Mo. 641; *Huhn v. Railroad*, 92 Mo. 440; *Tabler v. Railroad*, 93 Mo. 79; *Stevens v. Railroad*, 96 Mo. 212; *Young v. Iron Co.*, 103 Mo. 324; *Shortel v. St. Joseph*, 104 Mo. 114; *Steinhauser v. Spraul*, 114 Mo. 551; *Dedrich v. Railroad*, 21 Mo. App. 433; *Dutzi v. Geisel*, 23 Mo. App. 676; *Fogus v. Railroad*, 50 Mo. App. 250; *Flike v. Railroad*, 53 N. Y. 549; *Fuller v. Jewett*, 80 N. Y. 46; *Cone v. Railroad*, 81 N. Y. 206; *Maloney v. Locomotive Works*, 14 R. I. 204; *Davis v. Railroad*, 53 Vt. 84; *Fay v. Railroad*, 30 Minn. 23; *Ford v. Railroad*, 110 Mass. 260; *Huff v. Railroad*, 100 U. S. 213;

*Railroad Co. v. Kirk,* 62 Tex. 227; 2 Thompson on Negligence, sec. 975. (2) If the master orders the servant into a situation of danger and he obeys and is injured, the law will not deny him a remedy against the master on the ground of contributory negligence, unless the danger was so glaring that no prudent man would have entered into it, even where, like the servant, he was not entirely free to choose. *Cox v. Granite Co.,* 39 Mo. App. 424; *Fogus v. Railroad,* 50 Mo. App. 250; 2 Thompson on Negligence, sec. 975; *Stephens v. Railroad,* 96 Mo. 212; *Huhn v. Railroad,* 92 Mo. 445 and 447; *Steinhauser v. Spraul,* 114 Mo. 551; *Snow v. Railroad,* 8 Allen, 441; *Patterson v. Railroad,* 76 Pa. St. 389. (3) The instruction given for the plaintiff, and now assigned as error by the defendant, was correct. *Huhn v Railroad,* 92 Mo. 440; *Stephens v. Railroad,* 96 Mo. 212; *Steinhauser v. Spraul,* 114 Mo. 551; *Cox v. Granite Co.,* 39 Mo. App. 424; *Snow v. Railroad,* 8 Allen, 441; *Patterson v. Railroad,* 76 Pa. St. 389; 2 Thompson on Negligence, sec. 975; *Hughes v. Fagin,* 46 Mo. App. 44; *Soeder v. Railroad,* 100 Mo. 673; *Mohany v. Railroad,* 108 Mo. 201; *Hamilton v. Mining Co.,* 108 Mo. 375, 376; *Thompson v. Railroad,* 109 Mo. 212; *O'Melie v. Railroad,* 115 Mo. 212-218. This last case, at page 212, gives an instruction almost identical with the one complained of.

BOND, J.—Plaintiff alleges that he was the servant of defendant; that he was furnished an unreasonably unsafe appliance, and ordered by defendant to use such appliance in assisting the unloading of heavy barrels of white lead from a wagon, whereby he was injured. For the damages thus caused, this suit is brought. The answer is a general denial, and a plea of contributory negligence. Issue was joined in the reply. There was

a verdict and judgment for plaintiff for $2,500, from which defendant appealed, and assigned as error, first, that there is no substantial evidence to support the judgment.

The evidence adduced on the trial shows that plaintiff was employed by defendant as a journeyman painter of rough work, and was subject to the orders of one Wehrenbrecht, superintendent of the paint shop of defendant; that on the fourteenth day of August, 1894, defendant's wagon, containing several barrels of white lead, each weighing six hundred and fifty to seven hundred pounds, arrived at its factory, and plaintiff was ordered to assist in unloading the same, and was further directed to take hold of the end of a plank fourteen inches wide, two and one half inches thick, and twelve feet long, the other end of which rested on the bottom of the wagon bed, and to support the end in plaintiff's hand at a level with the end placed on the wagon, so that one of the barrels might be rolled upon the end of the plank lying on the wagon bed, and the barrel thus conveyed to the floor of the factory by the gradual lowering of the plank which plaintiff held. The plaintiff thereupon took hold of the plank and rested it against his breast, with his right arm underneath for a support. The servants in the wagon then rolled a barrel towards the end of the plank. The momentum thus given the barrel caused it, instead of mounting the end of the plank, to shove it off the wagon, and the barrel also dropped out of the wagon and struck the plank which had fallen at the end nearest the wagon, breaking it and communicating such force as to break the arm of the plaintiff near the joint of the right wrist, and felling him to the ground, thus inflicting the injuries sued for.

The evidence shows that other wagons than those of defendant delivered paint at its factory several

times a week; that these were all provided with skids which were used in unloading them; that a skid is about eight feet long and is hooked into the holes on the side of the wagon bed, which are made in an iron bar for the purpose of holding the stakes placed perpendicularly on each side of the wagon bed; and that defendant did not use a skid for unloading its wagons until after the accident in question.

The employer is not bound to furnish his employees with the latest or safest known appliances, tools, or machinery, for the work in which he is engaged. Nor is the master bound to discard tools or appliances in use by him, provided they are reasonably safe, and to supply their places with others which are safer or later. Neither does he insure his employees' safety. The only obligation of the master is to use such care as characterizes a person of common prudence in the same situation, that the tools, machinery, or appliances furnished should be reasonably safe for the purpose for which they are intended to be devoted. *Blanton v. Dold*, 109 Mo. *loc. cit.* 74; affirmed in *Steinhauser v. Spraul*, 28 S. W. Rep. 625.

The question raised by the demurrer to the evidence is, therefore, first, whether a reasonable inference of want of ordinary care on the part of the defendant in directing the plaintiff to use the plank in a particular way in unloading is afforded by all the facts and circumstances adduced in evidence. It is an elementary physical proposition, that the use of a strong plank in the method described in the evidence for the removal of barrels or casks of great weight or bulk from wagons is not necessarily dangerous to persons experienced in so using it, who exercise sufficient care in placing the plank far enough over the wagon, and who possess sufficient strength to prevent it from being shoved off when struck by the barrel or cask rolled toward it. It

is obvious, however, that it would make a great differ-
ence in the danger to be encountered, if it appeared
that the servant to whom the task was assigned was one
who had no experience or knowledge whatever of the mat-
ter in hand, or who was lacking in physical strength to
sustain the plank against the force of the rolling
barrel, and who was ordered to act at once without
time for deliberation.   There was positive evidence in
this record that plaintiff was wholly unacquainted with
the use of planks for unloading in the manner adopted
in this case; that he worked in a different department,
and entirely different line of employment; that he was
not strong, and, when directed to take part in the un-
loading of the wagon, he asked what he should do;
that he only followed the directions of his superiors,
and seemingly exercised no independent agency in the
matter; that the use of planks for such purposes was
confined to defendant; that all other wagons bringing
loads of similar character were provided with skids;
that, had these been used, no such injury as that sued
for could ever happen, and that skids were the methods
by which wagons loaded with barrels or casks were
usually emptied.   In view of this evidence, it can not
be said as a matter of law that no inference of want of
due care could have been drawn from the action of
defendant in directing the plaintiff to do the specific
thing resulting in his injury.   That the learned counsel
for appellant was aware that such evidentiary deduction
was afforded by all the facts and circumstances in the
case is apparent, since he submitted an instruction to
the jury (number 6 for defendant), wherein they were
told to find, under all the evidence and circumstances in
the case, whether or not defendant was chargeable with
negligence.   Where such an instruction is given at the
request of an appellant, and there is slight evidence
tending to support a finding against him on that issue,

he can not complain that the verdict was unsupported by any substantial evidence. *Seiter v. Bischoff*, 63 Mo. App. 157. The result is that the assignment of error, that the present verdict should be set aside for insufficiency of the evidence, must be overruled.

Neither did the trial court err in refusing to take the case from the jury on the ground of contributory negligence. While the foregoing discussion demonstrates that the facts and circumstances in this case did not exclude a legitimate inference of negligence on the part of defendant, it also establishes that such negligence rested upon an admissible inference drawn from the whole of the testimony, and not upon proof of any patent or obvious defect in the plank or danger arising from its use. It is clear, therefore, that the plaintiff could not be said to have walked in the face of a known danger and thus contributed to his own injury, because the danger arose not from the insufficiency of the appliance but from the manner of its use. As the plaintiff did not, under the facts in the record, in following the directions of his superiors, undertake a task where the danger was so great that no man of ordinary prudence, even in the situation of a servant, would have attempted its performance, it can not be said that he was guilty of such contributory negligence as to warrant the trial court in withdrawing the case from the jury on that ground. *Stephens v. Railroad*, 96 Mo. 207; *Hamilton v. Mining Company*, 108 Mo. 364; *Fugler v. Bothe*, 117 Mo. 475; *Swadley v. Railroad*, 118 Mo. 268.

The next error assigned relates to the giving, at plaintiff's instance, of the following instruction:

"The court further instructs the jury that if they believe from the evidence that the plank in question was not a reasonably suitable or safe appliance to be used in unloading heavy barrels of white lead from a wagon, and that the plaintiff knew, or by the exercise

of ordinary care might have known, that said plank was not a reasonably safe appliance for the unloading of white lead from a wagon; yet this would not defeat a recovery by plaintiff, if the use of said plank was not so dangerous as to threaten immediate injury in its use, or if plaintiff might have reasonably supposed that he could safely work with it by the use of care and caution incident to the situation in which he was placed."

This instruction is not an incorrect declaration of law under the decisions of the supreme court of Missouri. An instruction precisely similar in meaning was approved by that court in *O'Mellia v. Railroad*, 115 Mo. *loc. cit.* 218, upon a full citation of cases. The legal doctrine of the instruction has been distinctly reaffirmed by the supreme court in *Swadley v. Railroad*, 118 Mo. *loc. cit.* 278. An examination of the intervening decision of the supreme court (*Fugler v. Bothe*, 117 Mo. 475) will show from the facts recited in the dissenting opinion, which was approved by the supreme court, that there was no pretense "that the danger, whatever its character, was not perfectly obvious to a man of the most ordinary understanding; nor that it was not glaring, immediate, continuous and the same all the time." (117 Mo. 494). It was accordingly held that an experienced workman, who was injured by a fall with such a knowledge of the condition of the place where he stood, could not recover. It is apparent, therefore, that the decision in *Fugler v. Bothe* is not antagonistic to the unbroken line of authorities in this state, sustaining the legal proposition embraced in the instruction under review. We can not, therefore, put the trial court in the wrong for giving the instruction in question, and the assignment of error of appellant to that effect is untenable.

The third point insisted on for reversal of this case

is that the court erred in permitting plaintiff to intro-
duce a letter of recommendation given to his witness,
Louis Beard, at the time of the discharge of the latter
from the service of the defendant. The letter in ques-
tion commended said witness "as a *good*, sober and
industrious, young man, who had given perfect satis-
faction at everything." It then spoke of his special
qualifications, and stated that his leaving was due to
an accident for which he was not to blame. There was
a sharp conflict in the testimony as to a conversation
held by defendant's witnesses with plaintiff wherein it
was claimed, for defendant, that plaintiff admitted that
the injury happened from his own fault, and, for
plaintiff, that defendant's superintendent (Wehren-
brecht) said, among other things, "they (defendant)
have locked the stable, after the horse is gone; they
have got a skid." No exception was saved at the time
to the ruling of the court in admitting evidence of this
statement by Wehrenbrecht. He denied positively that
it was made by him to anyone. Witness Louis Beard
stated that he was present at the conversation, and
affirmed that the foregoing declaration was made by
said Wehrenbrecht. The record shows that the counsel
for the respondent offered the letter upon the notion
that it tended to support the character of the witness
who had received it, and the court admitted it for that
purpose and because it was "a letter from the man with
whom this conversation was had." It was clearly
inadmissible for any purpose whatever in the present
case.

Upon the mind of a jury unskilled in correct reas-
oning this letter might have had the effect, which was
apparently given it when it was offered and admitted
in evidence, of strengthening the testimony of Louis
Beard, and they might thereby have been influenced to
find the contradiction as to the foregoing statement

between the writer and recipient of the letter in favor of the latter. If they did so, the reception of the letter in evidence was necessarilly predjudicial to the defendant; for the only probative force, which the above quoted declaration could have, was a tendency to show that the representative of defendant knew that it was dangerous to use the plank described in the evidence in unloading wagons. If he had such knowledge, it was imputable in law to the defendant. The defendant was entitled to have the testimony of witnesses against it determined by the intrinsic weight which the law attached to their evidence without the adventitious aid coming from a letter of commendation of the adversary witness which was improperly introduced in evidence.

It is insisted by respondent that the reception of the letter in question was harmless error. This contention, as we have seen, is not supported by the record in this case, and the *onus* is on respondent to show it, since it is well settled that all legal errors intervening on a trial are presumed to be prejudical. *State v. Taylor*, 118 Mo. *loc. cit.* 161; *Clark v. Fairley*, 30 Mo. App. 335. It is also insisted by respondent that appellant is not in a position to take advantage of the misreception of the letter, because his objection was for incompetency *only*. This point would be well taken, if the letter had been properly receivable on any legal ground; but where, as in the present case, evidence is admitted which is not properly admissible for any purpose whatever, the ruling may be reviewed in the appellate court upon a general objection for incompetency interposed on the trial and exceptions taken at the time. *State v. Meyers*, 99 Mo. *loc. cit.* 120; *State v. Patrick*, 107 Mo. 147.

The result is that the judgment in this case must be reversed and the cause remanded. All concur, Judge BIGGS in the result.