Beard v. American Car Co.

WILLIAM W. BEARD, Respondent, v. AMERICAN CAR COMPANY, Appellant.

St. Louis Court of Appeals, December 21, 1897.

1. **Master and Servant:** NEGLIGENCE. It is the primary duty of the master to provide the servant with reasonably safe appliances with which to do his work, and his failure to do so constitutes negligence.

2. ———: CONTRIBUTORY NEGLIGENCE: EVIDENCE. Where the servant was injured while holding up the end of a plank, furnished him by the master, in obedience to his orders, without any knowledge of its dangerous character, and the use of the plank for the purpose for which it was used was not an open and glaring peril, such as would be obvious to any ordinarily prudent man, there was no contributory negligence on the part of the servant.

3. ———: EVIDENCE: JURY QUESTION. Whether the plank in question was furnished by the master, or by his teamster, without the knowledge or direction of the master, was a question for the jury, under all the evidence.

4. **Custom:** EVIDENCE: COMPETENCY: NEGLIGENCE. It was competent for plaintiff to show what was the customary appliance for the purpose, and that it was a reasonably safe appliance; and defendant's failure to use such appliance, and instead thereof a more dangerous one, was evidence of negligence on its part.

*Appeal from the St. Louis City Circuit Court.*—Hon. Pembrook R. Flitcraft, Judge.

Affirmed; all the judges concurring, Judge Biggs in the result.

*A. & J. F. Lee* for appellant.

The undisputed facts show that under the pleadings and evidence plaintiff was not entitled to recover, and that the instruction to that effect, offered by defendant, should have been given. *Wilson v. Beckwith*, 117 Mo. 61; *Flynn v. Bridge Co.*, 42 Mo. App. 530; Thomp. on Neg., p. 1053; Wood on Mas. & Ser., sec. 368; *Sparks v. R. R.*, 31 Mo. App. 111; *Fletcher v. R. R.*, 64 *Id.* 484; *Bell v. R. R.*, 72 Mo. 50; *Lenix v. R'y*, 76 *Id.* 86; *Boland v. R. R.*, 36 *Id.* 484; *Flynn v. R. R.*, 78 *Id.* 195; *Conroy v. Iron Works*, 62 *Id.* 65; *Aldridge v. Furnace Co.*, 78 *Id.* 559; *Fugler v. Bothe*, 117 *Id.* 457; *Stanley v. R. R.*, 114 *Id.* 606; *Cummings v. Collins*, 61 *Id.* 520; *McDermott v. R'y*, 87 *Id.* 285; *Kelly v. R'y*, 75 *Id.* 138; *Steinhauser v. Spraul*, 114 *Id.* 551; *Nugent v. Milling Co.*, 131 *Id.* 241; *Holloran v. Iron & Foundry Co.*, 133 *Id.* 470; *Lucey v. Oil Co.*, 129 *Id.* 32.

The court erred in instructing the jury that if plaintiff knew, or by the exercise of ordinary care might have known, that the plank was not a reasonably safe one, yet this would not defeat a recovery on his part if the use of the plank by him was not so dangerous as to threaten immediate injury; and further, that even if the plaintiff "ought" to have known that the appliance was not as suitable and safe as it ought to have been, that his use of it would not be contributory negligence on his part, unless the dangerous character of the appliance was so "glaring" that a man of ordinary pru-

dence would not have used it.  *James v. R'y*, 18 S. W. Rep. 31; *Fugler v. Bothe, supra; Flynn v. R'y, supra; Aldridge v. Furnace Co., supra;* 2 Thomp. on Neg., sec. 1010; *Nagel v. R'y*, 75 Mo. 653.

The court erred in admitting testimony as to the custom of other persons in the use of skids and other appliances for unloading white lead from wagons. *Koons v. R. R.*, 65 Mo. 592; *Helfenstein v. Medart*, 136 *Id.* 595.

The court erred, under the facts of this case, in instruction number 1, given at plaintiff's request. *Barr v. Kansas City*, 105 Mo. 550; *Carder v. Primm*, 60 Mo. App. 423; *Laughlin v. Gerardi*, 67 *Id.* 372; *Gay v. Tielkemeyer*, 64 *Id.* 112; *Cameron v. Hart*, 57 *Id.* 142; *Steinwender v. Creath*, 44 *Id.* 356; *Evers v. Shumaker*, 57 *Id.* 454; *Becraft v. Grist*, 52 *Id.* 586; *State v. Pettit*, 119 *Id.* 410.

*Seneca N. Taylor, Charles Erd* and *Seneca C. Taylor* for respondent.

It is the duty of the master to use reasonable care in providing safe and suitable appliances with which the employee is required to work, and failure on his part to do this constitutes negligence. *Beard v. Car Co.*, 63 Mo. App. 382; *Seiter v. Bischoff*, 63 *Id.* 157; *Siela v. R. R.*, 82 Mo. 430; *Covey v. R. R.*, 86 *Id.* 641; *Huhn v. R'y*, 92 *Id.* 440; *Tabler v. R. R.*, 93 *Id.* 79; *Stephens v. R. R.*, 96 *Id.* 212; *Young v. Iron Co.*, 103 *Id.* 324; *Shortel v. St. Joseph*, 104 *Id.* 114; *Steinhauser v. Spraul*, 114 *Id.* 551; *Hurdler v. Stove & Range Co.*, 136 *Id.* 3; *Pruitt v. Smith*, 134 *Id.* 615; *Deweese v. Mining Co.*, 128 *Id.* 423; *Settle v. R. R.*, 127 *Id.* 336; *Nicholls v. Glass Co.*, 126 *Id.* 53; *Browning v. R. R.*, 124 *Id.* 55; *Dedrich v. R'y*, 21 Mo. App. 433; *Dutzi v. Geizel*, 23 *Id.* 676; *Fogus v. R. R.*, 50 *Id.* 250; *Flike v. R. R.*,

53 N. Y. 549; *Fuller v. Jewett*, 80 *Id.* 46; *Cone v. R. R.*, 81 *Id.* 206; *Maloney v. Locomotive Works*, 14 R. I. 204; *Davis v. R. R.*, 53 Vt. 84; *Fay v. R. R.*, 30 Minn. 23; *Ford v. R. R.*, 110 Mass. 260; *Huff v. R. R.*, 100 U. S. 213; *R. R. v. Kirk*, 62 Tex. 227; 2 Thomp. on Neg., sec. 975.

Whenever the facts are such that fair minded men might reach different conclusions, the question of contributory negligence must be submitted to the jury. It is an affirmative defense and the onus rests on the defendant to establish it. *Thompson v. R. R.*, 51 Mo. 190; *Petty v. R. R.*, 88 *Id.* 306; *O' Conner v. R'y*, 94 *Id.* 150; *Hudson v. R. R.*, 101 *Id.* 29; *Krumply v. R. R.*, 111 *Id.* 158; *Churchman v. Kansas City*, 49 Mo. App. 370; *Church v. R. R.*, 119 Mo. 203; Beach on Con. Neg., sec. 157, p. 40, and citations.

If the master orders the servant into a situation of danger, and he obeys and is injured, the law will not deny him a remedy against the master on the ground of contributory negligence, unless the danger was so glaring that no prudent man would have entered into it, even where, like the servant, he was not entirely free to choose. *Beard v. Car Co., supra; Cox v. Granite Co.*, 39 Mo. App. 424; *Fogus v. R. R.*, 50 *Id.* 250; 2 Thomp. on Neg., sec. 975; *Stephens v. R. R., supra; Huhn v. R. R., supra; Steinhauser v. Spraul*, 114 Mo. 551; *Omelia v. R. R.*, 115 *Id.* 218; *Snow v. R. R.*, 8 Allen, 441; *Patterson v. R. R.*, 76 Pa. St. 389.

Whoever has authority over an employee to give orders as to what he shall do, stands in the relation to that servant of vice-principal of the corporation. *Tabler v. R. R.*, 93 Mo. 87; *Russ v. R'y*, 112 *Id.* 52; *Heinman v. R. R.*, 27 Mo. App. 435; *Cox v. Granite Co.*, 39 Mo. App. 424; *Stephens v. R. R., supra; Smith v. R. R.*, 92 Mo. 359; *Hall v. St. Joseph, etc., Co.*, 48 Mo. App. 357.

The court did not err in admitting testimony as to the ordinary and customary appliance used in unloading heavy barrels of white lead from wagons. *Worheide v. Car Co.*, 32 Mo. App. 371; *Gains v. R'y*, 47 *Id.* 181; *Benjamin v. R'y*, 50 *Id.* 609; *Monahan v. Coal Co.*, 58 *Id.* 74; *Jackson v. R'y*, 118 Mo. 222.

BLAND, P. J.—This case is here the second time by appeal. The judgment on first appeal was reversed because of the admission of incompetent and irrelevant testimony on the trial. *Beard v. American Car Co.*, 63 Mo. App. 382.

The plaintiff by his petition alleges that he was the servant of defendant, and as such was ordered to help unload some barrels of white lead from a wagon of defendant; that to unload these barrels of lead, he was furnished with an unreasonably unsafe appliance, whereby he was injured. The answer admits that plaintiff was ordered by a vice-principal of defendant to assist in unloading the lead, denies the other allegations, and pleads contributory negligence affirmatively. To this plea a reply was filed. There was a verdict and judgment for plaintiff for $2,000, from which defendant appealed, and assigns as error that under the undisputed facts shown by the evidence the plaintiff was not entitled to recover, and that its instructions to that effect, asked at the close of the testimony for plaintiff, should have been given. We exscribe from the opinion on the former appeal in this case the following statement of the principal facts of the case:

MASTER and servant: negligence.

"The evidence adduced on the trial shows that plaintiff was employed by defendant as a journeyman painter of rough work, and was subject to the order of one Wehrenbrecht, superintendent of the paint shop of defendant; that on the fourteenth day of August, 1894,

defendant's wagon, containing several barrels of white lead, each weighing six hundred and fifty to seven hundred pounds, arrived at its factory, and plaintiff was ordered to assist in unloading the same, and was further directed to take hold of the end of a plank fourteen inches wide, two and one half inches thick, and twelve feet long, the other end of which rested on the bottom of the wagon bed, and to support the end in plaintiff's hand at a level with the end placed on the wagon, so that one of the barrels might be rolled upon the end of the plank lying on the wagon bed, and the barrel thus conveyed to the floor of the factory by the gradual lowering of the plank which plaintiff held. The plaintiff thereupon took hold of the plank and rested it against his breast, with his right arm underneath for support. The servants in the wagon then rolled a barrel toward the end of the plank. The momentum thus given the barrel caused it, instead of mounting the end of the plank, to shove it off the wagon; the barrel also dropped out of the wagon and struck the plank which had fallen at the end nearest the wagon, breaking it and communicating such force as to break the arm of the plaintiff near the joint of the right wrist, and felling him to the ground, thus inflicting the injuries sued for.''

The evidence further tends to prove that the plank used on this occasion had been used before for the same purpose, and that it, or one like it, was the only appliance furnished by appellant to unload heavy barrels from its wagons. It was also shown by the evidence that the usual and safe appliances ordinarily used for unloading heavy barrels from wagons is either a skid or a heavy plank with beveled edges and flad hooks by which the skid or plank is hooked onto a cross-bar at the side of the wagon, and thus made secure from slipping and falling to the ground when the

barrel that is being unloaded is rolled or shoved against its end. It is actionable negligence for the master to fail to provide reasonably safe appliances to the servant with which to work. This is his primary duty to the servant. *Beard v. American Car Company, supra; Siela v. R. R.*, 82 Mo. 430; *Huhn v. R. R.*, 92 Mo. 440; *Young v. Iron Co.*, 103 Mo. 324; *Steinhauser v. Sproule*, 114 Mo. 557. That the plank furnished by the appellant and used by the respondent was an unsafe appliance for unloading heavy barrels from a wagon, is a plain proposition in the light of the evidence in the case. This is practically conceded by appellant, by making its unsafety the basis of his plea of contributory negligence.

Appellant's next contention is, "that the court erred in instructing the jury, at plaintiff's request, that

CONTRIBUTORY negligence: evidence.

if the plaintiff knew, or by the exercise of ordinary care might have known, that the plank was not a reasonably safe one, yet this would not defeat a recovery on his part if the use of the plank by him was not so dangerous as to threaten immediate injury; and in the further instruction as an intimated consequence of the alleged 'primary duty' of a servant to obey his master, that even if the plaintiff 'ought' to have known that the appliance was not as suitable and safe as it ought to have been, that his use of it would not be contributory negligence on his part unless the dangerous character of the appliance was so 'glaring' that a man of ordinary prudence would not have used it."

Beard was ordered by a vice-principal of appellant to help unload the wagon, and the appliance furnished was used in the ordinary way, for it could not have been successfully used for the purpose of unloading a heavy barrel in any other than the way it was used by Beard and the teamster, and it is wholly immaterial who

ordered Beard to hold up the end of the plank; he was obeying the order of the master, and doing what was necessary to be done to carry out that order with the appliance furnished him; he had no experience in the unloading of heavy barrels from a wagon; it was not in the line of his employment; his situation was chosen for him by the master; he obeyed the master's order; used an appliance furnished by the master without knowledge of its dangerous character, and was injured; nor was the use of the plank for the purpose of unloading the wagon an open and glaring peril obvious to any ordinarily prudent man, and there was no contributory negligence on the part of Beard. *Beard v. American Car Co., supra; Fugler v. Bothe,* 117 Mo. 475; *Conroy v. Iron Works,* 62 Mo. 39; *Stoddard v. R. R.,* 65 Mo. 514; *Huhn v. R. R.,* 92 Mo. 440; *Stephens v. R. R.,* 96 Mo. 207; *Soeder v. R. R.,* 100 Mo. 673; *Helfenstein v. Medart,* 136 Mo. 595.

The appellant contends that "the court erred, under the facts in this case, in instruction number 1, given at the request of plaintiff, that it EVIDENCE: jury question. was the duty of the defendant in conducting its business to use reasonable and suitable appliances which its employees should be required to use in the unloading of heavy barrels of white lead delivered upon the defendant's premises, and that any failure in this respect would be such negligence as would make the defendant liable." The evidence tended to show that the plank used was found at appellant's shops, and that it, or one just like it, was ordinarily used for unloading heavy barrels, and it was for the jury, under all the evidence, to say whether or not the plank was furnished by appellant, or whether it just happened to be lying around and was picked up by the teamster without the direction or knowledge of appellant. If furnished by appellant, the instruction is cor-

rect as being based upon the well established rule of law, that it is the duty of the master to furnish the servant with reasonably safe appliances with which to do his work.

Appellant contends that the court erred in admitting certain testimony, and in its assignment of error says the court admitted testimony of the custom of other persons in the use of skids for unloading heavy barrels from wagons. We do not understand from the record that this was done. Testimony as to what was the usual and safe appliances used for such purposes was admitted, and incidentally it was drawn out that skids were used at certain places and by certain firms; but this was not done at the instance of, or in response to, any question by respondent. It was competent for the respondent to show what was the appliance customarily used for the purpose, and to show that it was a reasonably safe appliance. For the failure of appellant to use the appliance in common use, and to use in its stead one not in common use and a more dangerous one, was evidence of negligence. *Monahan v. K. C. Coal & Clay Co.*, 58 Mo. App. *loc. cit.* 74.

*Custom: evidence: competency: negligence.*

Discovering no reversible error in the record, the judgment is affirmed. All concur. Judge BIGGS in result.